KERMIT COFER, Commissioner,
for the Court:[1]
The cause is before this Court on appeal from the Chancery Court of Neshoba County-
Appellants, the widow and children of Stennis Chisolm, deceased, brought this suit for damages and temporary and permanent injunction against the appellees, Bozeman, the surety on his bond as coroner of Nesho-ba County, the Circuit Clerk of Neshoba County, and the State Board of Health.
The complainants alleged that said Stennis Chisolm died, December 23,1973, as the result of accidentally inflicted wounds; that, before his body was removed, appellee Bozeman appeared at the scene and, claiming to be coroner of the county, undertook to hold an inquest; that a jury was assembled without the issuance of a precept, and proceeded without instruction to the jury; and, when the inquest had been completed, and the jury was ready to render its verdict, Bozeman ordered the jurors to sign their names to a blank sheet of paper stating to them that he would fill out their verdict; the jury, in the hearing, determined that the decedent met death as the result of accidentally self inflicted gunshot wounds, but Bozeman was undertaking, contrary to the advice of the sheriff, district attorney, and county attorney, to fill in the jury verdict to state that the death resulted from self inflicted gunshot wounds without showing the wounds were accidentally inflicted; when the jurors learned they had been “tricked into this situation” by Bozeman,, they demanded him to return their true verdict by filling in the blank verdict, but he wilfully and intentionally refused to do so, instead undertaking to turn in and file a fraudulent and untrue verdict; the jurors met and signed a true verdict, an exhibit to the bill of complaint, but Bozeman refused to meet with them for that purpose.
They alleged that they will suffer irreparable injury and damage if the coroner’s false verdict is filed and accepted as the jury’s verdict and that they will be deprived of insurance on the decedent’s life payable for accidental death but not for suicidal death; they will be embarrassed and humiliated, justice will be defeated, and the jury’s verdict will be ignored, and Bozeman was also undertaking to use his alleged version of the jury’s verdict to prepare a certificate of death for the decedent which would be a permanent record in the State Board of Health and could be used as evidence for the insurors in a suit or suits on the insurance policies.
They alleged that they have suffered and will in the future continue to suffer extensive pain and suffering because of the wrongful acts of Bozeman, that they have lost income and will continue to lose income, and have incurred medical expenses and will continue to do so in the future, because of the wrongful conduct of Boze-man.
They alleged that Bozeman was undertaking to return the false verdict to the circuit clerk and the State Board of Health, and will do so, unless temporary injunction is issued enjoining him from rendering and ■ filing the same with the circuit clerk, and the clerk from receiving or filing the same, and sought injunction, temporary and permanent, against Bozeman, the clerk, and the State Board of Health, and damages including the penalty of Bozeman’s coroner’s bond.
Temporary injunction was granted.
Bozeman and his surety filed general demurrers charging no equity on the face of the bill of complaint and full, adequate, and exclusive remedy at law by way of writ of mandamus. On these defendants’ motion to dissolve the injunction, the chancellor sustained the demurrers, dissolved the injunction, awarded damages on the injunction bond, and dismissed the suit.
The general demurrers admit all facts well pleaded. The bill of complaint states a cause for relief. First National *1315 Bank v. Langley, Miss., 314 So.2d 824 (1975). Mandamus, does not lie in the circuit court because the coroner’s inquest proceeding is such that there is involved here more than a ministerial act, performance of which may be required by that remedy. Miss. Code Annotated Sections 11-41-1 et seq. (1972). Injunction alone is available to appellants to prevent continuing damage to them.
The demurrers should have been overruled, and the cause will be reversed here, the temporary injunction reinstated, and the cause remanded.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws < ;1976. The above' opinion is adopted as the opinion of the Court.